UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00255-GNS

APRIL ELLIOTT     PLAINTIFF

v.

HARVARD MAINTENANCE, INC.     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 9). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I. STATEMENT OF FACTS AND CLAIMS

Plaintiff April Elliott ("Elliott") was employed as a supervisor by Defendant Harvard Maintenance, Inc. ("Harvard Maintenance"), a commercial janitorial company, beginning in October 2020, when Harvard Maintenance acquired the company where Elliott had worked since 2016. (Compl. ¶¶ 2, 5, DN 1-1). Elliott, an African American female, sued Harvard Maintenance in Jefferson Circuit Court (Kentucky), alleging that it discriminated against her based on her race (Count I), retaliated against her when she complained (Count II), and failed to pay her overtime and other pay and benefits (Count III), all in violation of Kentucky law. (Compl. ¶¶ 16-38). Harvard Maintenance timely removed the action and now moves to dismiss the Complaint. (Notice Removal 1, DN 1; Def.'s Mot. Dismiss 1, DN 9 [hereinafter Def.'s Mot.]).

### II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

### III.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### IV.    DISCUSSION

#### A.    Race Discrimination (Count I)

Elliott alleges that Harvard Maintenance repeatedly discriminated against her based on her race, which culminated in her termination. (Compl. ¶¶ 12-13, 21). Harvard Maintenance argues that the race discrimination claim should be dismissed because Elliott "cannot establish the last element of her *prima facie* case" because she "fails to allege she was treated differently than any similarly situated non-protected employees." (Def.'s Mot. 5 (emphasis omitted)). Specifically, Harvard Maintenance asserts that Elliott did not allege that an employee with a similar title who engaged in similar conduct was treated more favorably than she was, so her discrimination claim

must be dismissed. (Def.'s Mot. 6; Def.'s Reply Mot. Dismiss 4-5, DN 16 [hereinafter Def.'s Reply]).

A *prima facie* case of race discrimination requires either direct evidence of discrimination or a showing under the *McDonnell Douglas* burden shifting framework that "(1) . . . [the employee] was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 510 (6th Cir. 2022) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)).[1] Elliott, however, is not required to plead a *prima facie* case at the motion to dismiss stage. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("*McDonnell Douglas* is an evidentiary standard, not a pleading requirement." (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002))). All Elliott must do is allege sufficient facts from which the Court, "informed by its 'judicial experience and common sense,'" can reasonably infer that Harvard Maintenance discriminated against her. *Id.* at 610 (quoting *Iqbal*, 556 U.S. at 678-79).

Elliott's Complaint contains more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). She alleges that she, an African American female, was discriminated against because of her race and describes a series of specific instances of alleged discrimination leading up to her termination for moving a

---

[1] Kentucky courts look to federal law to interpret the Kentucky Civil Rights Act because it was modeled after Title VII of the Civil Rights Act of 1964. *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003) (citations omitted); *Bd. of Regents of N. Ky. Univ. v. Weickgenannt*, 485 S.W.3d 299, 305 (Ky. 2016). Consequently, Kentucky courts apply the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to KCRA claims. *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 132 S.W.3d 790, 797 (Ky. 2004), *as modified on denial of reh'g* (May 20, 2004) (applying *McDonnell Douglas* to a race discrimination claim).

3

damaged trash bin to another area to prevent other employees from using it. (Compl. ¶¶ 7-13). She further claims that Harvard Maintenance issues verbal or written warnings before terminating someone and that while white employees had not been disciplined for serious misconduct like sexual harassment or working while drunk, she was terminated for moving the trash bin when she had never been disciplined previously. (Compl. ¶¶ 11-14). These facts raise Elliott's "right to relief above the speculative level" and support the reasonable inference that Harvard Maintenance discriminated against her. *Twombly*, 550 U.S. at 555-56; *see Keys*, 684 F.3d at 610 (holding that a discrimination claim was sufficiently pled when the complaint contained factual allegations of specific instances of differential treatment, identified relevant people by race and name or title, and alleged that the plaintiff and other African American employees suffered adverse employment actions despite good work performance); *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015) (holding that the plaintiff stated a claim where she identified herself as a member of a protected class, detailed specific adverse employment actions, and described the misconduct of others with the same position even though she did not describe the misconduct with "significant detail").

      Had Elliott failed to allege that she was treated less favorably than similarly situated non-protected employees, that would not necessarily be fatal to her claim. *See Lee v. Vanderbilt Univ.*, No. 22-5607, 2023 WL 4188341, at *4 (6th Cir. June 22, 2023) (holding that requiring the plaintiff to plead that non-protected employees who were treated more favorably than her were similarly situated to her inappropriately applied *McDonnell Douglas* to a motion to dismiss). Elliott did, however, allege that she was treated less favorably than at least one similarly situated white supervisor, Chris. (Compl. ¶ 11). Harvard Maintenance argues that Elliott and Chris were not engaged in the same conduct because he allegedly worked while drunk and she moved the damaged trash bin. (Def.'s Reply 4-5). Elliott "is not required to show that [her] proposed

4

comparator's actions were identical to [her] own." *Colvin v. Veterans Admin. Med. Ctr.*, 390 F. App'x 454, 459 (6th Cir. 2010). What matters is whether their actions were of "comparable seriousness," which an inquiry that is inappropriate at the motion to dismiss stage. *See Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775-76 (6th Cir. 2016) (evaluating similarity of conduct at the summary judgment stage); *Lee*, 2023 WL 4188341, at *4. Accordingly, Harvard's motion is denied as to the discrimination claim.

### B. Retaliation (Count II)

Elliott alleges that she repeatedly complained about Harvard Maintenance's employees' discriminatory conduct and that Harvard Maintenance terminated her to retaliate against her for complaining. (Compl. ¶¶ 12-13, 25). Harvard Maintenance argues that Elliott's claim must be dismissed because she has not alleged enough facts to prove that there was a causal connection between her protected activity and the adverse employment action. (Def.'s Mot. 7-8). A *prima facie* case of retaliation requires proof that (1) Elliott engaged in a protected activity, (2) Harvard Maintenance knew she engaged in the protected activity, (3) she suffered an adverse employment action, and (4) her protected activity was the but-for cause of the adverse employment action. *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 448 (6th Cir. 2020) (citations omitted). As explained above regarding the discrimination claim, Elliott is not required to plead a *prima facie* case of retaliation to survive a motion to dismiss. *See Keys*, 684 F.3d at 609 (citing *Swierkiewicz*, 534 U.S. at 510).

The factual allegations in Elliott's Complaint would support the reasonable inference that Harvard Maintenance retaliated against her. *Twombly*, 550 U.S. at 555-56. She alleges that there were several specific instances of Harvard Maintenance employees and supervisors discriminating against her and making derogatory remarks based on her race, that she reported the conduct to

Harvard Maintenance and its parent company, and that the supervisor who terminated her knew of her complaints. (Compl. ¶¶ 7-10, 25). Although the temporal proximity of the complaints and termination is not clear from the Complaint, the series of complaints leading to the eventual termination are sufficient to infer that her complaints and termination are causally connected. *Lee*, 2023 WL 4188341, at *4 (noting that lack of temporal proximity was not fatal to a retaliation claim in a complaint that contained sufficient factual allegations to allow the court to infer that the defendant "harbored some retaliatory animus against" the plaintiff). Harvard Maintenance's arguments that Elliott did not complain directly to Harvard Maintenance and that the supervisor who terminated her did not know about her complaints are factual disputes that are not appropriate for the motion to dismiss stage. *See Binno*, 826 F.3d at 344; (Compl. ¶ 25 (alleging that she complained to her supervisors and Harvard Maintenance human resources staff)). Accordingly, Harvard's motion is denied as to the retaliation claim.

      C.      **<u>Wage and Hour (Count III)</u>**

Elliott alleges that Harvard Maintenance refused to pay her 60 hours of overtime wages and holiday and vacation pay that she did not use, in violation of KRS 337.285. (Compl. ¶¶ 15, 31). Harvard Maintenance contends that Elliott fails to state a claim for a wage and hour violation under Kentucky law because her Complaint fails establish that she is eligible for overtime pay under KRS 337.010, which exempts those "employed in a bona fide executive, administrative, supervisory, or professional capacity . . . ." (Def.'s Mot. 8-9); KRS 337.010(2)(a)(2). Elliott states that she was a supervisor, but she does allege that she is a non-exempt employee. (Compl. ¶¶ 7, 34, 36). Elliott must eventually prove that she is a non-exempt employee to recover, so although her job responsibilities are not clear from the Complaint, her allegations are sufficient to continue pursuing this claim. *See Jacobs v. Floorco Enters., LLC*, No. 3:17-CV-00090-RGJ, 2018 WL

6028709, at *4 (W.D. Ky. Nov. 16, 2018) (holding the complaint sufficiently stated a Kentucky wage and hour claim despite the fact that the court could not conclude at that stage whether the plaintiff with a seemingly exempt title was actually exempt); *Burton v. Appriss, Inc.*, No. 3:13-CV-00316-CRS, 2013 WL 6097107, at *5 (W.D. Ky. Nov. 19, 2013) (same); *Goodwin v. Novartis Pharms. Corp.*, No. 3:11-CV-350-H, 2012 WL 1079086, at *6 (W.D. Ky. Mar. 30, 2012) (same), *superseded by statute on other grounds*, 31 U.S.C. § 3730, *as recognized in United States ex rel. Dunn v. Procarent, Inc.*, 615 F. Supp. 3d 593, 622 (W.D. Ky. 2022). Accordingly, Harvard Maintenance's motion will be denied as to the wage and hour claim.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 9) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 4, 2024

cc:     counsel of record